IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CUBIX GLOBAL, INC., a Florida corporation,
CUBIX LABS (PVT.) LTD., a Pakistani private
limited company, and SALMAN LAKHANI, a
Pakistani individual

      Plaintiffs

vs.

RICHARD MESSIER, CUBIX, INC., and RICH
THOMAS LLC,

      Defendants.

Case No. 19-cv-63171-RS

## DEFENDANT RICHARD MESSIER AND DEFENDANT CUBIX, INC.'S JOINT MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), Defendants Cubix, Inc. ("CubixUSA") and Richard Messier ("Messier") file this joint motion to dismiss the Complaint (ECF No. 001) ("Complaint") of Plaintiffs Cubix Global, Inc. ("Cubix Florida"), Cubix Labs (Pvt.) LTD. ("CubixPak"), and Salman Lakhani ("Lakhani") (collectively, "Plaintiffs") for the following reasons: (1) this Court lacks personal jurisdiction over CubixUSA and Messier; (2) the Southern District of Florida is an improper venue for this case; and (3) even if this Court has jurisdiction and venue is proper, the Complaint fails to state claims upon which relief can be granted.

## I.      BACKGROUND OF THE DISPUTE

CubixUSA is a Wyoming corporation formed and 100% owned by Messier. CubixPak is a Pakistani private limited company 100% owned by Lakhani since at least July 7, 2010.  Compl. ¶ 8.  From approximately August 2017 through August 2019, CubixUSA and CubixPak did business together. CubixUSA provided, generally, "app" development services to U.S. companies. CubixUSA was well-positioned to provide these services and inspire confidence and security in prospective clients by employing native English speakers and having U.S.-based operations. CubixUSA executed software development contracts in its own name.  CubixUSA, however, did not employ software developers and outsourced development to CubixPak in Pakistan.  Although

CubixUSA and CubixPak were separate companies, they shared a website and email account through the domain www.cubix.co. In late August 2019, a dispute arose between CubixUSA and CubixPak regarding fees to be paid for future services to be rendered by CubixPak. For leverage in the dispute, CubixPak (a) stopped all ongoing work; (b) withheld all source code for on-going projects; (c) removed CubixUSA's access to email through cubix.co; (d) attempted to redirect profitable and large clients of CubixUSA directly to CubixPak; and (e) sowed discontent among CubixUSA's other clients. On August 28, 2019, CubixPak formed Cubix Florida and for all intents and purposes is now operating through Cubix Florida.

CubixUSA owns federal trademark registrations for each of the trademarks at issue in this litigation. On November 7, 2019, CubixUSA sent a letter to Lakhani at Cubix Florida demanding that Cubix Florida cease and desist from using CubixUSA's federally registered trademarks. **Exhibit A.** This litigation ensued.

### 1.     Facts Relevant to Jurisdiction and Venue

Messier is the sole owner of Defendant Cubix, Inc. ("CubixUSA"). Declaration of Richard Messier In Support of Richard Messier and CubixUSA's Motion to Dismiss attached as **Exhibit B** ("Messier Decl."), ¶ 4. CubixUSA is a Wyoming S-corporation, which was formed effective August 1, 2017 and maintained its principal office in Washington, D.C. until approximately October 2019, when that office closed. *Id.* At all times material to this suit, CubixUSA has conducted business from Washington, D.C. *Id.*

Messier is a resident of, and domiciled in, the Commonwealth of Virginia. *Id.* at ¶ 2. Messier lives in Fairfax, Virginia and works for CubixUSA in Washington, D.C. *Id.* Messier rarely travels to Florida for any reason, and last traveled to Florida on or about October 18-20, 2016 on behalf of Rich Thomas LLC. At the time, Rich Thomas LLC was doing business with non-party Social Cubix, Inc., and Lakhani and Messier went to Florida to pitch Rich Thomas LLC's "eGrocer" product to a potential investor. *Id.* Messier has never resided in, conducted business in, or developed significant contacts with Florida; does not own real property or other property in Florida; has not leased any real property or other property in Florida; has not registered any vehicles in Florida; does not have any bank accounts in Florida; does not pay taxes in Florida; and is not registered with any of Florida's state agencies. *Id.* at ¶ 3. Other than his attorneys retained for the instant matter, Messier does not presently have, and has never had, any contracts or agreements with any person or company in Florida. *Id.* Communications between Messier and Lakhani regarding the matters at issue in this suit have primarily been conducted via email or Skype while Messier was in Virginia and/or Washington, D.C. and Lakhani was in Pakistan.

CubixUSA is not registered to do business in Florida, does not advertise or solicit business in Florida, has not sent employees on business trips to Florida, has no offices, facilities, or employees or contractors in Florida, does not own real property or other property in Florida, does not have a phone number or mailing address in Florida, does not pay taxes in Florida, and does not have any bank accounts in Florida. *Id.* at ¶ 5. During 2018 and 2019, Cubix USA generated approximately $2,805,492 in gross revenues. *Id.* Just $35,700 of those $2,805,492 in gross revenues were generated under the CUBIX brand from just two clients having Florida addresses neither of which were in the Southern District. *Id.* CubixUSA did not reach into or target Florida to gain the business of these two clients nor did CubixUSA visit Florida to perform the services on behalf of these two clients. *Id.* The contracts with these two clients specify a "choice of law" and venue in Maryland and Virginia – not Florida. *Id.* CubixUSA opened and maintains all of its accounts with Bank of America in Washington, D.C. *Id.* at ¶ 6. CubixUSA does business with a Virginia-based accountant and Virginia-based business law firm. *Id.* at ¶ 6.

CubixUSA is the sole owner of the trademarks at issue in this litigation. *Id.* at ¶ 8. CubixUSA accepted an assignment of certain rights to the trademark CUBIX from Cubix Labs LLC (a Delaware non-party) in Washington, D.C., not Florida. *Id.* at ¶ 7. CubixUSA has never targeted Florida with its trademarks and certainly not after August 2019. *Id.* at ¶ 8.

### 2.    Plaintiffs' Allegations

The salient events alleged to support Plaintiffs' claims appear to include (a) Defendant Messier's registration of a Wyoming business entity for CubixUSA; (b) subsequent business conducted by Messier and CubixUSA, including the use of the domain names cubixusa.com and cubixdc.com; (c) alleged  conversion of funds in CubixUSA's bank account(s) controlled by Messier; alleged conversion of intellectual property rights and registration of trademarks with the USPTO in Virginia; and (d) alleged false statements by Messier to Lakhani, to a customer in Texas, and on the website LinkedIn. *See id.* at ¶¶ 1-4, 49, 55-59, 62-66, 69, 81.

The Complaint admits that on May 18, 2018, legacy rights in the mark "CUBIX" were assigned to CubixUSA pursuant to an "Assignment of Trademark" signed by Plaintiff Lakhani himself. Compl. ¶ 26. *See also* **Exhibit C**. The Complaint further acknowledges that CubixUSA filed for registration of the marks CUBIX, LOGO DESIGN GENIUS, and DIRECT MACRO on May 14, 2018, with Lakhani's consent and authorization. *Id.* ¶¶ 28, 29, 31. The mark CUBIX was registered to CubixUSA on the federal principal register on January 1, 2019. *Id.* ¶ 28. The mark LOGO DESIGN GENIUS was registered to CubixUSA on the federal principal register on January 15, 2019. *Id.* ¶ 29.  The mark DIRECT MACRO was registered to CubixUSA on the federal

principal register on May 7, 2019. *Id.* ¶ 31.  Each of these registrations are valid and subsisting and are listed on the Principal Register of the United States Patent and Trademark Office.   Cubix Florida was formed by Lakhani in August 2019 after these marks were registered. *Id.* ¶7.

## II.   THIS COURT LACKS PERSONAL JURISDICTION OVER CUBIXUSA AND MESSIER

Plaintiffs have not alleged sufficient material facts to support the exercise of personal jurisdiction over CubixUSA or Messier in Florida under either the long-arm statute or the Due Process Clause. In fact, Plaintiffs have failed to make any specific allegations regarding *any* contacts between CubixUSA and Florida at all.  For this reason alone, Plaintiffs' claims against CubixUSA must be dismissed. Plaintiffs' sole arguments for the conferral of jurisdiction over Messier arise from alleged discussions between Lakhani and Messier in Florida in 2016, which are not actually connected or related to the causes of action asserted.  Plaintiffs have wholly failed to establish facts sufficient to bring Messier within this Court's jurisdiction, and for this reason alone, Plaintiffs' claims against Messier must be dismissed as well.

### A.      Legal Standard of Personal Jurisdiction

A federal court undertakes a two-step inquiry to determine whether personal jurisdiction exists. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015).  First, the exercise of jurisdiction must be appropriate under the forum state's long-arm statute. *Id.* Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. *Id.* "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Where the defendant submits contradictory affidavit evidence to challenge jurisdiction, the plaintiff must produce evidence supporting the existence of long-arm jurisdiction. *Id.*

Florida's long-arm statute provides two ways in which a defendant may be subject to the jurisdiction of the state's courts. *Id.* at 1203-04. First, a defendant is subject to "specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida"—for conduct specifically enumerated in the statute. *Id.* at 1204 (citing Fla. Stat. § 48.193(1)(a)). Second, a defendant is subject to "general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Id.* (quoting Fla. Stat. § 48.193(2)).

Whether specific or general, the exercise of personal jurisdiction over a defendant must

comport with due process. The touchstone of this analysis is whether the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). The minimum contacts inquiry focuses on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotation marks omitted). This inquiry ensures that a defendant is haled into court in a forum state based on the defendant's own affiliation with the state, rather than the "random, fortuitous, or attenuated" contacts it makes by interacting with other persons affiliated with the state. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

**B.     Neither CubixUSA Nor Messier Are Subject to Specific Jurisdiction Under Florida's Long-Arm Statute**

Specific jurisdiction requires that a plaintiff's claim must "arise out of or relate to" the defendant's contacts with the forum. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009) (citing *Burger King*, 471 U.S. at 472). The Complaint implies specific jurisdiction is appropriate by alleging, generally, that long-arm jurisdiction is proper under Fla. Stat. 48.193(1)(a)(2). *See* Compl. ¶ 14. The section of the long-arm statute provides that a non-resident defendant is subject to personal jurisdiction in Florida "for any cause of action arising from committing a tortious act within th[e] state." Fla. Stat. § 48.193(1)(a)(2).

For personal jurisdiction to attach under the statute's "tortious activity" provision, <u>first</u>, Plaintiffs must properly state a tort claim against each respective Defendant. *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)("[W]here the threshold question of personal jurisdiction turns on whether a tort is committed in Florida, the court necessarily must review the allegations of the complaint to determine if a cause of action is stated."). <u>Second</u>, even if a tort claim is properly alleged, Plaintiffs must demonstrate that CubixUSA and Messier each "committed a substantial aspect of the alleged tort in Florida," which can be done by establishing that the alleged activities in Florida "w[ere] essential to the success of the tort." *Williams Electric Co. v. Honeywell, Inc.*, 854 F.2d 389, 394 (11th Cir. 1988) (quoting *Watts v. Haun*, 393 So.2d 54, 56 (Fla. Dist. Ct. App.1981)).

Here, Plaintiffs have failed to allege sufficient facts to establish personal jurisdiction over CubixUSA or Messier under the tortious activity provision of the long-arm statute. <u>First</u>, as explained in section IV, *infra*, Plaintiffs have not properly stated claims against CubixUSA and Messier for any causes of action, including torts, thus there can be no personal jurisdiction based on any tort. <u>Second</u>, in alleging personal jurisdiction, Plaintiffs fail to even identify any alleged

tortious act(s) or activities committed in Florida, let alone any such acts that would provide the basis for long-arm jurisdiction over CubixUSA and Messier. *See* Compl. ¶ 14. The Complaint states, in bare and conclusory fashion, that "Defendants have sufficient contacts with Florida and with this District, and a substantial part of the events giving rise to Plaintiffs' claims occurred in this District." *Id.* However, the only contacts alleged between any of the Defendants and Florida are "a series of fateful meetings in Broward County, Florida, between Mr. Lakhani and Defendant Messier in 2016, when Defendant Messier began to fraudulently induce Mr. Lakhani to hand over control of his business." *Id.* No facts are alleged regarding any actions taken by Messier in Florida that would be essential to the success of any tort, or to even to connect the 2016 meetings to any cause of action.

The Complaint further alleges that "Cubix Florida is the real owner of the trademarks registered to Defendant Cubix Inc., and as a Florida corporation is harmed by those registrations and by Defendant Messier's continued use of the CUBIX mark and ongoing fraudulent misrepresentations to the public that he is affiliated with Plaintiffs." Compl. ¶ 14. None of these allegations involving alleged harm to Cubix Florida involve or arise from any activities or tortious acts committed by Messier or CubixUSA in Florida–the trademark registration applications were filed with the USPTO in Virginia in May of 2018, and Messier and CubixUSA conduct business from Washington, D.C. and do not solicit clients in Florida or target business activities in Florida. Messier Decl. ¶¶ 4, 5, 9. Moreover, Cubix Florida was not formed until August 2019, and therefore could not have been damaged by occurrences or actions taken prior to its legal existence.

Plaintiffs have not, and cannot, allege that any of their purported causes of action arose from tortious acts committed by Messier or CubixUSA in Florida, and accordingly, there is no personal jurisdiction over Messier or CubixUSA under Fla. Stat. 48.193(1)(a)(2).

**C.     Neither CubixUSA Nor Messier Are Subject to General Jurisdiction Under Florida's Long-Arm Statute**

The general jurisdiction provision of Florida's long arm statute provides jurisdiction over "a defendant who is engaged in substantial and not isolated activity" within Florida, whether or not the claim against the defendant arises from that activity. Fla. Stat. 48.193(2). The reach of the general jurisdiction provision of the Florida long-arm statute is coextensive with the limits of the Due Process Clause, so the Court need only ascertain whether its exercise of jurisdiction over Messier and CubixUSA "would exceed constitutional bounds." *Carmouche v. Tamborlee Mgmt., Inc.,* 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)). The Due Process clause permits personal jurisdiction so long as the nonresident defendant

has certain minimum contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Plaintiffs have failed to allege the minimum contacts necessary to support the exercise of general jurisdiction over CubixUSA and Messier.

<u>With respect to CubixUSA</u>, a court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them only when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) (quoting *Int'l. Shoe Co.,* 326 U.S. at 317, 66 S.Ct. 154). "Only a limited set of affiliations with a forum" will render a defendant at home there, and with respect to a corporation, the "paradigm" forums in which a corporate defendant is "at home" are the corporation's place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Goodyear*, 564 U.S. at 919. Outside of these two exemplars, a defendant's operations must "be so substantial and of such a nature as to render the corporation at home in that State" and only in an "exceptional case." *BNSF Ry. Co. v. Tyrrell* , 581 U.S. ——, 137 S.Ct. 1549, 1558 (2017) (internal quotation marks omitted). The Complaint does not allege, and CubixUSA does not have, affiliations with Florida that are so "continuous and systematic" as to render CubixUSA essentially at home in Florida. See *Goodyear*, 564 U.S. 915; *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) ("[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction."). To the contrary, CubixUSA is a Wyoming corporation, which had a principal office in Washington, D.C., and has conducted business from Washington, D.C. at all times relevant to this suit. Messier Decl. ¶ 4. CubixUSA does not maintain any offices in Florida, has not gone on business trips to Florida, does not have employees or contractors in Florida, does not pay taxes in Florida, and does not own property in Florida. *Id.* ¶ 5. In the last two years, CubixUSA performed work under the CUBIX mark for just two clients having Florida addresses. *Id.* Neither of the two clients were located in the Southern District. *Id*. This work generated just $35,700 in gross revenues compared to the $2,805,492 in total revenues generated by CubixUSA during the same time period. *Id.* CubixUSA did not solicit the business of these two clients nor target their sales activities in Florida. *Id*. The contracts for these clients specify a "choice of law" and venue in Virginia and Maryland – not Florida. *Id*. The limited nature of CubixUSA's commercial activity falls far short of the "substantial and not isolated activity" within Florida required by the Florida long-arm statute. *See*

Fla. Stat. 48.193(2).

Nor have Plaintiffs have alleged facts that would demonstrate that CubixUSA purposefully made contacts in Florida and should reasonably anticipate being haled into court in Florida. *See Burger King*, 471 U.S. at 472 (1985).  The only specific allegation regarding CubixUSA's contacts with Florida is that Mr. Lakhani's company Cubix Florida "is the real owner of the trademarks registered to Defendant Cubix Inc., and as a Florida corporation is harmed by those registrations." The federal trademark registrations at issue were registered by the USPTO in Virginia and have no connection to Florida, and the Complaint lacks any factual support for the allegation that CubixUSA has "continuous and systematic" contacts with Florida. The bare allegations in the Complaint simply cannot support the exercise of general personal jurisdiction over CubixUSA.

With respect to Messier, an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846, 2854 (2011). Beyond that, the Supreme Court has provided two other instances in which the exercise of general jurisdiction over an individual is proper: where the individual consents to the forum's jurisdiction and where the individual is present within the forum when served with process. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (plurality opinion). Messier, a resident of Virginia, is not domiciled in Florida, was not served in Florida, and did not consent to jurisdiction in Florida. Messier Decl. ¶ 2. Accordingly, there is no general jurisdiction over Messier in Florida, and the exercise of general jurisdiction over Messier would be improper.

**D.    Plaintiffs Have Not Satisfied the Requirements for Due Process**

For the reasons set forth in section II.C, *supra*, neither CubixUSA nor Messier has sufficient "minimum contacts" with Florida to support the exercise of personal jurisdiction and comport with due process. If the Court finds it necessary to go beyond analysis of Florida's long-arm statute, the Due Process Clause of the Fourteenth Amendment provides further justification to dismiss Plaintiffs' claims against CubixUSA and Messier.

To determine whether the exercise of jurisdiction affords due process, the Eleventh Circuit applies a three-part test. *See Waite v. All Acquisition Corp.,* 901 F.3d 1307, 1313 (11th Cir. 2018) (citing *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339 at 1355 (11th Cir. 2013)). First, the Court considers whether the plaintiffs have established that their claims "arise out of or relate to" at least one of the defendant's contacts with the forum. *Id.* Second, the Court asks whether the plaintiffs have demonstrated that the defendant "purposefully availed" itself of the privilege of

conducting activities within the forum state. *Id.* If the plaintiffs carry their burden of establishing the first two prongs, the court next considers whether the defendant has "ma[de] a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.*

Plaintiffs have failed to establish that their claims arise out of or relate to CubixUSA's and/or Messier's contacts with Florida. In analyzing whether this first prong of the three-part test has been met, courts look to the "affiliation between the forum and the underlying controversy," focusing on any "activity or ... occurrence that [took] place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court* , 582 U.S. ——, 137 S.Ct. 1773, 1780 (2017) (quoting *Goodyear*, 564 U.S. 915, 919 (2011)). In the absence of such a connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781. The Eleventh Circuit has held that a tort "arise[s] out of or relate[s] to" the defendant's activity in a state only if the activity is a "but-for" cause of the tort. *Oldfield v. Pueblo De Bahia Lora, S.A* ., 558 F.3d 1210, 1222-23 (11th Cir. 2009) (internal quotation marks omitted). Overall, the first inquiry focuses on whether there is a "direct causal relationship between the defendant, the forum, and the litigation." *Louis Vuitton,* 736 F.3d at 1355–56.

The Complaint alleges that CubixUSA (with Defendant Messier) fraudulently registered the three trademarks at issue with the United States Patent and Trademark Office, by making false representations in the applications; and that Mr. Lakhani's company Cubix Florida is the real owner of the trademarks, and as a Florida corporation is harmed by those registrations. Complaint at ¶¶ 14, 49. However, the Complaint also admits that Lakhani was aware of and consented to the trademark registrations, for which CubixUSA submitted applications in May 2018. *Id.* at ¶¶ 28, 29, 31. Moreover, Cubix Florida was not even formed until August 2019, well after the trademarks were registered and contradicting any alleged claims for ownership by Cubix Florida. *See* Compl. at ¶7, 28, 29, 30. Plaintiffs do not allege any contacts with Florida that were the but-for cause for any tort and no specific contacts between CubixUSA and Florida or Messier and Florida from which any particular claims directly arise.

Any actions allegedly taken by Messier or CubixUSA outside of Florida do not create sufficient minimum contacts with Florida simply because those actions have allegedly affected Plaintiffs and Plaintiffs have Florida connections. *See Walden v. Fiore*, 571 U.S. 277, 289 (2014). The jurisdictional analysis must focus on those contacts that the "defendant himself" creates with the forum State, not the plaintiffs' contacts with the forum, or even the defendant's contacts with the plaintiffs. *Id.* at 284; *see also Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 475 (1985). As

9

the Supreme Court explained in *Walden*, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. Instead, the location of a plaintiff's injury "is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.*

Applying the principals and reasoning in *Walden*, any alleged harm to Cubix Florida occurred in Florida only because of Lakhani's contacts with Florida, i.e. his election to form his corporation there, rather than any contacts made by Messier or Cubix USA.  Due process requires that a defendant be haled into court in a forum State based on his *own affiliation* with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State. *Burger King*, 471 U.S. at 475. Given that the correct inquiry is whether the defendant's actions connect it to the forum state, it is clear that neither Messier nor CubixUSA have formed any jurisdictionally relevant contacts with Florida.

Plaintiffs have failed to allege facts that either Messier or CubixUSA "purposefully availed" themselves of the privilege of conducting activities within Florida because Plaintiffs have not alleged that Messier or CubixUSA have conducted any relevant activities within Florida at all. Further, in all of the foregoing subsections of this Section II, CubixUSA has demonstrated that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.

## III.   VENUE IS IMPROPER IN THIS DISTRICT

The Court should dismiss Plaintiff's claims against CubixUSA and Messier on the additional, independent ground that venue is improper, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406. The only mention of venue in the Complaint is a conclusory statement that "venue is appropriate in this Court." *See* Compl. at ¶ 14. The Complaint fails to identify the statutory authority which confers venue, nor does it allege sufficient facts to plausibly tie any Defendant's conduct to the Southern District of Florida.

Plaintiff bears the burden of showing that the venue selected is proper. *See Delong Equipment Co. v. Washington Mills Abrasive Co*., 840 F.2d 843, 845 (11th Cir. 1988); *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F.Supp.2d 1353, 1356 (S.D. Fla. 2009).  In evaluating a motion to dismiss for improper venue, the facts as alleged in the complaint are taken as true, unless contradicted by affidavits submitted by the defendant. *Id.; see also Hemispherx Biopharma* , 669 F.Supp.2d at 1356. However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper,

and the case must be dismissed or transferred under [ 28 U.S.C.] § 1406(a)." *Robey,* 343 F.Supp.3d at 1313 (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.,* 571 U.S. 49, 56, 134 S.Ct. 568 (2013)).

In analyzing whether the alleged Southern District of Florida events are a "substantial part" of the claims, the Court must "focus on relevant activities of the defendant, not of the plaintiff." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003) (interpreting identical language from prior venue statute) (quoting *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995)); *accord Tauriga Sciences, Inc. v. Cowan, Gutenski & Co., P.A.* , No. 15-CV-62334, 2016 WL 5661631, at *2 (S.D. Fla. Sept. 30, 2016); *Hemispherx Biopharma, Inc.,* 669 F.Supp.2d at 1356-57. Only the defendant's activities "that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick*, 321 F.3d at 1371; *accord Tauriga Sciences*, 2016 WL 5661631, at *2. "While certain kinds of events may be necessary to give rise to the claim, only those actions which were, in and of themselves, wrongful or had a close nexus to the wrong could form the basis of proper venue." *Hemispherx Biopharma*, 669 F.Supp.2d at 1357.

Plaintiffs' Complaint contains no well-pleaded allegations connecting Messier or CubixUSA to the Southern District of Florida. While the Complaint alleges generally that "a substantial part of the events giving rise to Plaintiffs' claims occurred in this District," it contains no factual allegations to support this conclusion. Paragraph 14 of the Complaint, which addresses jurisdiction and venue, does not directly address any particular actions or events in relation to venue, and instead broadly alleges that "Defendants have sufficient contacts with Florida and with this District." These allegations are conclusory, not well pleaded, and therefore not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 680-81.

The only venue-related allegation in the Complaint, set forth in paragraph 14 thereof, refers to "a series of fateful meetings in Broward County, Florida, between Mr. Lakhani and Defendant Messier in 2016, when Defendant Messier began to fraudulently induce Mr. Lakhani to hand over control of his business." *See* Compl. at ¶ 14. The allegations, even if accepted as true, relate to purported actions by Messier for a time period before CubixUSA was even formed.  It is unclear how venue could be appropriate in Florida for acts of Messier or CubixUSA before CubixUSA was in legal existence, and the Complaint offers no explanation of the relevance of this allegation to venue or to the claims against any Defendant.  Moreover, Plaintiffs' allegations regarding personal jurisdiction and venue are contradicted by Messier's Declaration, which states in relevant part that CubixUSA is a Wyoming corporation with business operations in Washington, D.C. *See*

11

Messier Decl. ¶ 4.

The alleged events giving rise to Plaintiffs' claims appear to include Messier's registration of Cubix, Inc.; subsequent business conducted by Messier and CubixUSA; alleged conversion of funds in CubixUSA's bank account(s); alleged conversion of intellectual property rights and registration of trademarks with the USPTO; and alleged false statements by Messier to Lahkani, to a customer in Texas, and on the website LinkedIn. The Complaint does not state where the aforementioned events allegedly took place, but admits that CubixUSA is a Wyoming corporation and alleges that Messier, "who has stolen effective control, all assets and all funds of Defendant Cubix Inc. that were available to him," resides in Wyoming. *See* Compl. at ¶ 10. None of these events are alleged to have taken place in this District or anywhere in Florida. In fact, the registration of CubixUSA was done in Wyoming; subsequent business was conducted by Messier and CubixUSA in and from Washington, D.C., where CubixUSA's bank account is also located; and the trademark registration process was completed through the USPTO in Virginia. Messier Decl. ¶ ¶ 4-6, 9.

Plaintiffs have wholly failed to carry the burden of demonstrating that a "substantial part" of CubixUSA's acts giving rise to the specific causes of action occurred in this District as required by 28 U.S.C. § 1391(b)(2). In *Jenkins Brick*, 321 F.3d 1366 (11th Cir. 2003), the plaintiff/employer argued that venue for its breach-of-non-compete-agreement suit was proper in Alabama because the employer conducted business primarily in Alabama, the defendant/employee's salary and benefits came from Alabama, and the employee sent his executed employment agreement to the employer in Alabama. 321 F.3d at 1368, 1372-73. Nevertheless, the Eleventh Circuit held that the particular conduct giving rise to the breach of non-compete occurred in Georgia; the Alabama-related facts "[did] not have a close nexus with the cause of action for breach of contract, and they [were] therefore irrelevant" for venue purposes. *Id.* As such, Alabama-based activities were a part of the claims, but not a "substantial part" of the activities "giving rise to" the cause of action. *Robey v. JPMorgan Chase Bank, N.A.*, 343 F.Supp.3d 1304 (S.D. Fla. 2018). In the instant case, the only alleged Florida-based activity of any of the Defendants' is the alleged meetings in Florida in 2016, which are not the proximate cause of, and have no close nexus with, the Plaintiffs' claims for trademark infringement, false designation of origin, cybersquatting, violations of the Florida Deceptive and Unfair Trade Practices Act, and conversion against CubixUSA. Because a "substantial part" of the conduct giving rise to these specific claims did not occur in Florida, venue is not proper under § 1391(b)(2).

Further, the Complaint (incorrectly) alleges that Defendant Richard Messier is a resident

of Wyoming.  *See* Compl. at ¶ 10.  Thus, at least one defendant is not a resident of the District and venue cannot exist under 28 U.S.C. § 1391(b)(1).

Venue is similarly lacking under 28 U.S.C. § 1391(b)(3), which only provides jurisdiction "if there is no district in which an action may otherwise be brought" under Section 1391(b)(1) and 1391(b)(2). *See Algodonera de las Cabezas, S.A. v. American Suisse Capital, Inc.,* 432 F.3d 1343, 1345 (11th Cir. 2005). Here, venue is appropriate in the district where Defendants' a substantial portion of the events occurred, under Section 1391(b)(2). Although the Complaint contains no well-pleaded allegations establishing where this might be, Defendants' declaration state that Defendants conducted business in Washington, D.C. *See* Messier Decl. at ¶¶ 4-5. Accepting Defendants' declaration, venue may be appropriate there.  Plaintiffs cannot establish venue in the Southern District of Florida under Section 1391(b)(3) for this reason.  Accordingly, this District is an inappropriate venue for Plaintiffs' suit. Other than the fact that Lakhani allegedly formed Cubix Florida in August 2019, this case has no connection with this District and should therefore be dismissed for improper venue under Rule 12(b)(3).

## IV.     ALL COUNTS AGAINST CUBIXUSA AND MESSIER FAIL TO STATE A CLAIM

### A.     Count One Fails to State a Claim for Trademark Infringement

The Court should dismiss Count One, for trademark infringement, because Plaintiffs are not the *registrants* of the trademarks at issue, and the Complaint admits that CubixUSA is the registrant and owner of said trademarks; Plaintiffs therefore lack standing to assert a trademark infringement claim, and have failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Count One purports to assert a cause of action under 15 U.S.C. § 1114(1).  To recover for trademark infringement under § 1114, Plaintiffs must have standing to sue. Section 1114(a) states that violators "shall be liable in a civil action *by the registrant* for the remedies hereinafter provided." 15 U.S.C. § 1114(1)(a) (emphasis added). Thus, the text of § 1114(1)(a) restricts recovery to trademark *registrants* only. "The majority of cases hold that the statute means what it says: only the federal 'registrant' has standing to sue for infringement of a federally registered mark." McCarthy on Trademarks and Unfair Competition § 32:3. The Eleventh Circuit has acknowledged that causes of action under 15 U.S.C. § 1114(1) are restricted to registrants only. See *Fla. Virtualschool v. K12, Inc.,* 735 F.3d 1271 (11th Cir. 2013) ("To bring a trademark infringement claim under the Lanham Act, a plaintiff must hold a valid trademark.") (quoting *Natural Answers, Inc. v. SmithKline Beecham Corp.,* 529 F.3d 1325, 1329 (11th Cir. 2008)). *See*

*also Gaia Technologies, Inc. v. Reconversion Technologies*, Inc., 93 F.3d 774, 777 (Fed. Cir.1996) (holding that a party lacks standing to assert a trademark infringement claim "[a]bsent ownership of the intellectual property"). Here, Plaintiffs concede that they are not the registrants of the trademarks at issue. As such, Plaintiffs do not have standing to sue for trademark infringement under § 1114 of the Lanham Act and Count One should be dismissed *with prejudice*.

**B.   Count Two fails to state a Claim for False Designation of Origin under 15 U.S.C. § 1125**

To state a claim for false designation of origin under § 1125(a), "a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.,* 508 F.3d 641, 647–48 (11th Cir. 2007) (internal quotations omitted).

Plaintiffs assert that Messier has falsely represented to customers that he is associated with Plaintiffs; and that Messier's and CubixUSA's "continued registration and use of the CUBIX and other aforementioned trademarks, coupled with public statements that [Messier] is the Vice President of Cubix Inc., are likely to mislead, confuse, and/or deceive customers." Compl. ¶ 55-56. For the reasons that follow, Plaintiffs have failed to state a claim for a violation of the Lanham Act, and their claims for false designation of origin against CubixUSA and Messier should be dismissed.

**1.   The Complaint fails to allege Plaintiffs have Enforceable Rights in the Trademarks**

Plaintiffs have failed to allege that they own valid trademark rights entitled to protection under the Lanham Act. "Section 1125(a)...creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components*, *Inc.*, 134 S. Ct. 1377, 1384 (2014). The Complaint does not specifically identify which type of Lanham Act claim Plaintiffs purport to bring, but alleges minimal facts related only to false association. As to false association, the Act "forbids unfair trade practices involving infringement of . . . trademarks, even in the absence of federal trademark registration." *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (alterations in original). Nonetheless, a Plaintiff must still show that it "had enforceable trademark rights in the mark or name." *Id.*

To this end, Plaintiffs have pled as follows: "Mr. Lakhani's company Cubix Florida is the real owner of the trademarks registered to Defendant Cubix, Inc. ..." (Compl. ¶ 14); "Plaintiffs have invested significant effort and funds in marketing and promoting their products and services under the CUBIX trademark and service mark. ... Plaintiffs Lakhani and Cubix Florida have used

the <cubix.co> domain name and associated website to promote and sell its services in the United States... (Complaint ¶ 48); Defendants Messier and Cubix Inc. fraudulently registered all three marks with the United States Patent and Trademark Office, by falsely representing in the application that Defendants were using the marks in commerce as opposed to Plaintiffs, who are the true creators and users of the mark. For example, Defendants submitted screenshots from Plaintiffs' <cubix.co> website (which predates Defendant's application for Registration No. '595), vaguely stating that such screenshots were "from applicant's webpage," when in fact they were lifted from Plaintiffs' website where Plaintiffs were using such marks in commerce." Compl. ¶ 49.

Plaintiffs have failed to allege that they have enforceable trademark rights for at least three reasons. First, the foregoing allegations lack factual support for the conclusory assertion that Cubix Florida is the "real owner" of the trademarks registered to CubixUSA, and amount to "legal conclusions couched as factual allegations" that the Court is not bound to accept as true, as mere "labels and conclusions . . . will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, the factual allegations in paragraphs 1–46 and 48–53 of the Complaint are incorporated into Count Two without regard as to which facts are actually relevant to Count Two, and the Complaint is not clear which facts apply to which of the three Plaintiffs and Defendants. Additionally, certain allegations are also contradictory, such as the allegation that Plaintiff Cubix Florida was formed in August 2019, and the allegation that "Plaintiffs," which would include Cubix Florida, were using the marks at issue in commerce on "Plaintiffs' website" when "Defendants" submitted the applications for federal registration, which took place on May 14, 2018–when Cubix Florida did not yet exist. Plaintiffs' pleading is not sufficient to establish that any Plaintiffs had an enforceable trademark right in the CUBIX name, and certainly not in the LOGO DESIGN GENIUS and DIRECT MACRO names.

Second, under the Lanham Act, CubixUSA's registration for each mark at issue is "prima facie evidence of the validity of the registered mark ..., of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration." 15 U.S.C. § 1115(a); *Savannah Coll. of Art v. Sportswear, Inc*., 872 F.3d 1256 (11th Cir. 2017). Accordingly, since May 14, 2018, when CubixUSA filed for registration of the marks CUBIX, LOGO DESIGN GENIUS, and DIRECT MACRO, CubixUSA has enjoyed a presumptive right of priority, nationwide in effect, against any other person. *See* 15 U.S.C. § 1057(c).

None of the Plaintiffs have alleged that they have filed an application to register any of the marks. Plaintiff Cubix Florida, formed in August 2019, is the only Plaintiff who has actually

alleged ownership of the trademarks at issue.  Cubix Florida, however, was not even in existence at the time the trademark applications were filed by CubixUSA, and therefore could not possibly have used the marks prior such filing, and could not possibly have superior rights to CubixUSA. See *Tally-Ho, Inc. v. Coast Comm. Coll. Dist*., 889 F.2d 1018, 1022 (11th Cir. 1990) (Trademark rights are gained via actual prior use in commerce).

        <u>Third</u>, and finally, Plaintiff CubixPak does not allege use of any of the trademarks at issue in the United States at any time; even if it had, through Cubix Labs (Delaware), those rights were admittedly assigned to CubixUSA by Lakhani himself.  The Complaint further alleges CubixUSA is the purported successor in interest to Social Cubix and Cubix Labs (Compl. ¶ 9), and, assuming the Complaint's allegations to be true, CubixUSA would then own any rights in the marks as the alleged successor. Plaintiff Lakhani alleges that he (and Cubix Florida) have used the <cubix.co> domain name and associated website "to promote and sell its services in the United States," but Cubix Florida did not exist prior to CubixUSA's filing, and it is unclear what trademarks rights Plaintiff Lakhani could have *personally.*

### 2. The Complaint fails to allege Unauthorized Use by CubixUSA and Likelihood of Confusion

        Notwithstanding Plaintiffs' lack of enforceable trademark rights in the CUBIX mark and name, or the other marks at issue, they have not sufficiently alleged <u>*unauthorized*</u> use thereof by Messier or CubixUSA such that consumers were likely to confuse the two marks. Nor have Plaintiffs sufficiently pled that Messier or CubixUSA has made, and <u>used in commerce</u>, in connection with any goods or services, any <u>false</u> designations of origin, <u>false</u> or misleading descriptions of fact, or <u>false</u> or misleading representations of fact, that are likely to cause confusion, or to cause mistake, or to deceive as to Messier or CubixUSA's affiliation, connection, or association with any of the Plaintiffs, or as to the origin, sponsorship, or approval of CubixUSA's services or commercial activities by any of the Plaintiffs. 15 U.S.C. § 1125(a)(1)(A) (emphasis added). For the purposes of the Lanham Act, the term "use in commerce" for services means the bona fide use of a mark in the ordinary course of trade, when it is used or displayed in the sale or advertising of services, and the services are rendered in commerce, or in more than one State or in the United States and a foreign country, and the person rendering the services is engaged in commerce in connection with the services. 15 U.S.C. § 1127.

        The Complaint generally asserts, in a vague, unembellished, conclusory manner under Count One, that "By using the three marks in commerce, Defendants Messier and Cubix Inc. are creating a likelihood of confusion or mistake by purchasers as to the sponsorship or approval of

such products and services by Plaintiffs, or as to an affiliation with or approval from Plaintiffs." Compl. ¶ 50. The Complaint fails to identify any actual products or services allegedly being sold or advertised by CubixUSA, and fails to allege a factual basis for how and when CubixUSA is allegedly using any of the marks at issue in commerce. Plaintiffs further allege that Defendant Messier's and CubixUSA's "continued registration and use of the CUBIX and other aforementioned trademarks, coupled with public statements by Messier that he is the Vice President of Cubix Inc., are likely to mislead, confuse, and/or deceive customers." Complaint at ¶ 56.  Yet Plaintiffs also admit that the trademark rights to CUBIX were assigned from Lakhani's former company Cubix Labs, Inc. to CubixUSA, and that CubixUSA filed for registration of the three marks with Lakhani's consent and authorization. *See* Complaint at ¶ ¶ 26, 28-30. To the extent that any alleged "unauthorized use" was before the parties' August 2019 dispute/dissolution, that use was certainly consented to because CubixUSA and CubixPak did business together through the same website. Messier Decl.¶ 10.

Plaintiffs assert that, since the relationship between the parties dissolved in August 2019, Messier has falsely represented to customers that he is associated with Plaintiffs by maintaining on his LinkedIn profile that he is "Vice President" of Cubix Inc., and providing a link to Plaintiff Cubix Florida's website, <cubix.co>. Compl. ¶ 55. Plaintiffs allege that Messier's statements are also "factually false" because "he (and technically Defendant Cubix Inc.) is not associated with Plaintiffs," and in listing the <cubix.co> domain name in his profile, Messier is "claiming to be associated with and/or the owner of <cubix.co> and the associated website, which he is not." Compl. ¶ 57. The Complaint asserts that "customers materially rely on the above and other false representations," referencing an email from J.M. "George" Castellanos, and that "Defendants statements have been used in interstate commerce, at least to Mr. Castellanos in Texas," but again, these allegations are conclusory. There is no factual predicate for Plaintiffs' assertion that listing a title and website on his LinkedIn profile constitutes a false designation of origin or false representation of fact by Messier and/or CubixUSA, that is being used or displayed in the sale or advertising of services rendered in commerce, and that Messier or CubixUSA are engaged in commerce in connection with the services. *See* 15 U.S.C. § 1127.

In other words, the Complaint contains no *factual* support for the proposition that any representations made by Messier (or by or through CubixUSA) are actually *false*. As conceded in the Complaint, Lakhani consented to the formation of CubixUSA by Messier as an S-corporation in Wyoming. *See* Compl. at ¶ ¶ 19, 20.  As the sole owner of CubixUSA, which is not in dispute, Messier may adopt such titles as he chooses, and, even assuming that he is listed as Vice President

on his LinkedIn page, there is no support for the allegation that this representation is false. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). Plaintiffs have failed to state their claims with sufficient factual specificity, and have therefore failed to plead a cause of action for false designation of origin under 15 U.S.C. § 1125(a) against CubixUSA.

**C.    Count Three Fails to State a Claim for Fraudulent Misrepresentation**

Under Florida law, there are four elements necessary to establish fraudulent misrepresentation: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So.3d 102, 105 (Fla. 2010) (quoting *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985)). With respect to inducement, a plaintiff cannot withstand a motion to dismiss for failure to state a cause of action "without specifically alleging more than the vague and conclusory statement that they were induced by the misrepresentation." *Hillcrest Pacific Corp. v. Yamamura*, 727 So. 2d 1053, 1057 (Fla. 3d DCA 1995).

In addition, Rule 9(b) imposes a heightened pleading standard for claims sounding in fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) thus forces a plaintiff to "offer more than mere conjecture," *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), and "requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Clausen*, 290 F.3d at 1310 (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

The Complaint alleges that Messier made "numerous false statements of material fact to Mr. Lakhani, including, without limitation" the following three: (a) that it would be more advantageous from a tax perspective for Cubix Inc. to be set up as an S-corporation instead of another corporate form such as an LLC;  (b) that when [Messier] incorporated Cubix Inc., that

Lakhani was designated as the president and CEO of the same, when in fact Messier made no such designation in the corporate filings...; and (c) that he was acting as Lakhani's agent in the United States, subject in all events to Lakhani's direction and approval, when in fact Messier always intended to abuse his position of trust and take advantage of Mr. Lakhani's physical absence from the United States to ultimately steal Mr. Lakhani's Cubix business here for himself. *See* Compl. ¶ 62. The Complaint further alleges, in conclusory fashion, that Messier knew these statements to be false when they were made; that Messier intended that Lakhani would rely on the false statements, essentially giving Messier full and complete control of Cubix Inc.; that Lakhani relied on the false statements to his detriment, allowing Messier to register numerous trademarks in Cubix Inc.'s name, and giving Messier access to the corporation's bank account, accounting system, etc.; and that the misrepresentations were a legal cause of financial damage to Plaintiffs. *See* Compl. at ¶ ¶ 62-66. Such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action. *Iqbal*, 556 U.S. at 678, 1949.

Plaintiffs have failed to satisfy both the *Iqbal/Twombly* standards and heightened pleading standard imposed by Rule 9(b), and have thus failed to adequately state a claim for fraudulent misrepresentation against Messier. First, stating generally that Messier has made "numerous" false statements of material fact to Lakhani, "including, without limitation," the examples alleged in the Complaint fails to satisfy Rule 9(b)'s heightened pleading standard because the rule requires that each fraudulent statement upon which a plaintiff intends to rely be alleged with particularity.

Additionally, and specifically, Plaintiffs have failed to satisfy the requirements articulated in *Clausen*, as follows. *Clausen* first requires that the Complaint set forth precisely what statements were made, in what documents or oral representations, or what omissions were made. Here, Plaintiffs have only summarized or paraphrased the statements Messier allegedly made to Lakhani, and have failed to adequately set forth each precise statement and how it was made–whether in a particular document or an oral representation. Next, *Clausen* requires that the Complaint set forth the time and place each statement was made by Messier. The Complaint fails to do so, only stating generally that one statement was made "when [Messier] incorporated Cubix, Inc." Compl. ¶ 62(b). The place each statement was purportedly made is not alleged at all. *Clausen* further requires the Complaint to set forth the content of each statement and the manner in which each statement misled Lahkani. Finally, *Clausen* requires the Complaint to set forth what Messier obtained as a consequence of the alleged fraud. The Complaint does not do so in a clear manner, only referring generally to Lakhani giving Messier full and complete control of CubixUSA, and access to its

19

bank accounts and accounting system – things Messier as the sole shareholder of CubixUSA is reasonably entitled to irrespective of any representations to Lakhani.

Plaintiffs also failed to plead facts to support the allegation (and give rise to an inference of fraud) that "Messier always intended to abuse his position of trust and take advantage of Mr. Lakhani's physical absence from the United States to ultimately steal Mr. Lakhani's Cubix business here for himself." At most, the Plaintiffs admit a business relationship with Defendants for several years that eventually broke down (*see, e.g.* Compl. ¶ 2, 19-23, 36-40), and "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct, rather than the unlawful conduct Plaintiffs would ask the court to infer." *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682). Here, the logical inference is that Messier and CubixUSA stopped doing business with Plaintiffs because of the termination of that relationship.  Because the fraud-based claims fail to satisfy Rule 9(b)'s particularity requirement and the *Iqbal/Twombly* standards, the Complaint fails to state a claim for fraudulent misrepresentation and Count Three against Messier should be dismissed.

**D.     Count Four Fails to State a Claim for Cybersquatting**

Plaintiffs seek relief under the AntiCybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), which plainly states that "[a] person shall be liable in a civil action by the owner of a mark . . . ." (emphasis added).  As with causes of actions under 15 U.S.C. § 1114(1), this Court has acknowledged that § 1125(d) applies to trademark *registrants* only.  *See Trump Plaza of Palm Beaches Condo. Ass'n, Inc. v. Rosenthal*, No. 08-80408-CIV, 2009 WL 1812743, at *11 (S.D. Fla. 2009) (holding that "standing under [§ 1125(d)] is *limited to registrants* of trademarks, as the statute explicitly authorizes a cause of action 'by the owner of a mark'"); *Smith v. Wal-Mart Stores*, 537 F. Supp. 2d 1302, 1314 (N.D. Ga. 2008) (holding that § 1125(d) "entitl[es] only the owner of a mark to bring a claim . . . for cybersquatting"); *Lumpkin v. Rescue One Corp.*, 2016 WL 8115934, at *4 (N.D. Ala. 2016) (stating that under § 1125(d)'s plain language, "only the owner . . . of a mark may bring suit"). *Heron Dev. Corp. v. Vacation Tours, Inc.* (S.D. Fla. 2017).

Here, Plaintiffs have failed to allege ownership of a trademark registration. In fact, the Complaint acknowledges that all relevant registrations are owned by CubixUSA and were filed by CubixUSA with Lakhani's consent and authorization. Compl. at ¶ ¶ 28, 29, 30. As such, Plaintiffs do not have standing to raise the cybersquatting claims in Count Four of their Complaint, and Count Four should accordingly be dismissed *with prejudice*.

**E.**    **Count Five Fails to State a Florida Deceptive and Unfair Trade Practices Claim**

**1.**    **Plaintiffs Lack Standing Because They Are Not "Consumers"**

To have standing under The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201–23FDUTPA, a complaint must allege that the claimant is a "consumer" injured by an unfair or deceptive practice in the course of buying or selling goods and services. *See, e.g.*, *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348-50 (S.D. Fla. 2009) (holding a plaintiff did not have standing to sue a company that posted inappropriate photos of her without her consent because the plaintiff was not engaged in a market transaction). A "consumer" is one who has engaged in the purchase of goods or services. *See, e.g.*, *N.G.L. Travel Assocs. v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 674 (Fla. 3d DCA 2000).

Here, Plaintiffs have failed to establish that any of them is a "consumer" under the FDUTPA.  While Plaintiffs allege that "numerous customers of Cubix Inc. have wrongly associated Mr. Lakhani and his companies as the persons and entities responsible for the wrongful acts of Cubix Inc. while under Defendant Messier's control, and even continue to pay for services provided by Plaintiffs, into a bank account controlled by Messier," Plaintiffs themselves are not alleged to have been the purchasers of services from CubixUSA, and based on the allegations in the Complaint, Plaintiffs are not "consumers" who have engaged in any consumer transaction involving the purchase of goods or services from any Defendant. Plaintiffs therefore lack standing to bring a FDUTPA claim.

**2.**    **Plaintiffs Have Failed to Allege Causation and Damages**

To state a consumer claim under the FDUTPA, a plaintiff must allege three basic elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *See Deere Constr., LLC v. Cemex Constr. Materials Fla., LLC*, 198 F.Supp.3d 1332 (S.D. Fla. 2016); *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006). An unfair practice offends established public policy; it is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *See id.* Additionally, in order to state a FDUTPA claim for damages, "a plaintiff must show not only that the conduct complained of was unfair, unconscionable, or deceptive, but also that it has suffered <u>actual damages</u> proximately caused by the unlawful conduct."  *In re Florida Cement & Concrete Antitrust Litigation*, 746 F.Supp.2d 1291, 1320 (S.D. Fla. 2010) (emphasis added).

Even if Plaintiffs were to have standing to bring a FDUTPA claim, Plaintiffs' claim fails on both the causation and actual damages elements. The FDUTPA authorizes a person "who has suffered a loss" as a consequence of a violation of the statute to recover "actual damages." *See §* 501.211(2). "Proof of actual damages is necessary to sustain a FDUTPA claim." *Casa Dimitri*

*Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 1340, 1352 (S.D. Fla. 2017) (Moore, C.J.) (quoting *Dorestin v. Hollywood Imps., Inc.*, 45 So. 3d 819, 824 (Fla. 4th DCA 2010)). In the context of FDUTPA, "actual damages" have been defined as "'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'" *Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984)(quoting *Raye v. Fred Oakley Motors Inc.*, 646 S.W.2d 288, 290 (Tex.Ct.App.1983)). FDUPTA "actual damages" do not include consequential damages, such as lost profits, diminution in value, or stigma damages. *See Kia Motors America Corporation v. Butler*, 985 So.2d 1133 (Fla. App. 2008); *Rollins, Inc.*, 951 So.2d at 869-70; *see also BPI Sports, LLC v. Labdoor, Inc.*, 2016 WL 739652, at *6 (S.D. Fla. Feb. 25, 2016) (Bloom, J.) (dismissing FDUTPA claim where plaintiff's allegations of "competitive harm, diverted or lost sales, and harm to the goodwill and reputation" of plaintiff were improper consequential damages). Nor does FDUTPA provide for the recovery of nominal damages or speculative losses. *Rollins, Inc.,* 951 So.2d at 873.

Plaintiffs have alleged that Messier and CubixUSA "are unfairly competing with Plaintiffs by utilizing trade names, service marks or trademarks which are not just confusingly similar to those utilized by Plaintiffs, but essentially identical, and by fraudulently misrepresenting an ongoing association with Plaintiffs." Compl. ¶74. Plaintiffs further allege that Defendants' actions constitute unfair competition and unfair and deceptive acts or practices in the conduct of trade or commerce.  Compl. ¶76. With respect to damages, Plaintiffs state only that "Defendants actions have significantly damaged Plaintiffs, including the dilution of the value of Plaintiffs' business and trademarks"–which are theories of consequential damages that are unavailable under FDUPTA. Compl. ¶77. These allegations amount to "unadorned, the defendant-unlawfully-harmed-me allegation[s]," *Iqbal*, 129 S.Ct. at 1937, which contain no "factual content that allows the court to draw the reasonable inference" that Plaintiffs have suffered any actual damages that were proximately caused by unlawful actions of CubixUSA, *id.* at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

Plaintiffs do not adequately allege that Defendants' conduct caused them harm or that they suffered and are pursuing "actual damages," and consequently, they do not state a FDUTPA claim, and Count Five should be dismissed with prejudice.

**F.    Count Six Fails to State a Claim for Conversion**

Under Florida law, a claim for conversion contains three elements: "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein,"

*Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co*., 125 F. Supp. 2d 1093, 1099 (S.D. Fla. 2000) (citing *Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th DCA 1993)), and one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011).

Count Six alleges, ostensibly, three bases of a claim for conversion. First, that Messier converted "Mr. Lakhani's Cubix business in the United States."  Second, that Messier converted "specifically identifiable funds contained in the Cubix, Inc. bank account which rightfully belong to Mr. Lakhani." And third, that CubixUSA converted Plaintiffs' intellectual property rights. Compl. ¶ 81.  Each of these allegations is insufficient as a matter of law and must be dismissed.

### 1.    Conversion of Lakhani's Cubix Business in the U.S.

The Complaint alleges, generally, that Defendants' acts of conversion include "Messier's conversion of Mr. Lakhani's Cubix business in the United States." Compl. ¶ 81. Count Six incorporates by reference paragraphs 1 through 46 of the Complaint, but contains no specific factual allegations that would identify Lakhani's "Cubix business in the United States," or exactly what Plaintiffs are alleging has been converted. While there are limited circumstances under Florida law in which a conversion claim "may extend to the wrongful taking of intangible business interests," courts have generally been hesitant to extend common law actions for conversion further than to claims for the misappropriation of a tangible chattel or the misappropriation of intangible rights which are identified or merged in a document or other tangible chattel. *See, e.g., In re. Estate of Corbin*, 391 So.2d 731, 733 n. 1 (Fla. 3d DCA 1980); *Ippolito v. Lennon*, 150 A.D.2d 300, 303, 542 N.Y.S.2d 3 (N.Y. App.1989). Plaintiffs have an obligation to allege sufficient facts to state a plausible claim for relief, and here, Plaintiffs have failed to allege facts to support the elements of a conversion claim, or to even adequately allege what aspect of exactly what business interest or value they assert has been converted. Therefore, Plaintiffs' claims for conversion of "Lakhani's Cubix business in the United States" must be dismissed.

### 2.    Conversion of Funds in the Cubix, Inc. Bank Account

Plaintiffs have also failed to state a claim for conversion of the funds in CubixUSA's bank account by Messier. Money, as personal property, cannot be converted unless the money is a specifically identifiable fund such as an escrow account, a bag of gold coins, or the like. *Talisman Capital Alt. Invs. Fund, Ltd. v. Mouttet,* 493 B.R. 640 (Bankr. S.D. Fla. 2013); *Belford Trucking Co. v. Zagar*, 243 So.2d 646 (Fla. 4th DCA 1970). Fungible money cannot be converted. *Id.* at 648. For money to be an appropriate subject for a conversion claim, there must be an obligation

for the receiver to keep intact or deliver the specific money at issue, so that money can be identified. *Indus. Park Dev. Corp. v. Am. Exp. Bank, FSB*, 960 F. Supp. 2d 1363, 1366 (M.D. Fla. 2013); *Belford Trucking Co.*, 243 So.2d 646. In such cases, plaintiffs typically deposit their money into a trust or escrow account, or some similar arrangement "where there is an obligation or fiduciary duty to keep money segregated." *Batlle v. Wachovia Bank, N.A.*, No. 10-21782-CIV, 2011 WL 1085579, at *1 (S.D. Fla. Mar. 21, 2011). In contrast, "[a] mere obligation to pay money may not be enforced by an action for conversion." *Capital Bank v. G & J Investments Corp*, 468 So. 2d 534, 535 (Fla. 3d DCA 1985). "It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008).

Here, Plaintiffs have not alleged any facts regarding any particular transactions at issue that involved specific and identifiable money, or an obligation or fiduciary duty for Messier or CubixUSA to keep or hold any particular funds received in a trust or escrow account.

Under Count Six, the Complaint incorporates by reference paragraphs 1 through 46 thereof, and alleges that Defendants' acts of conversion include, without limitation, "Messier's conversion of specifically identifiable funds contained in the Cubix, Inc. bank account which rightfully belong to Mr. Lakhani." Compl. ¶81. Plaintiffs' general, undefined, and conclusory allegations that Messier "converted hundreds of thousands of dollars earned by Plaintiffs' businesses to bank accounts controlled by Messier" (Compl. ¶ 1) do not state specific and identifiable funds necessary for a conversion claim. Plaintiff's allegations do not reference any invoices, specific businesses, or services, what form the alleged converted funds were in, or any actual specific and identifiable funds in specific amounts. Despite the conclusory characterization of the funds at issue as "specifically identifiable," Plaintiffs fail to state what specific funds amount to the purported stolen money contained in the Cubix, Inc. bank account, and where such funds allegedly came from. Plaintiffs have also failed to allege facts sufficient to show any Plaintiff's ownership of the funds in CubixUSA's bank account; merely stating the conclusion that "funds contained in the Cubix, Inc. bank account...rightfully belong to Mr. Lakhani" does not suffice under the *Iqbal/Twombly* pleading standards.

Even if Plaintiffs could claim an ownership interest in the funds in CubixUSA's bank account, they have not alleged that Messier's control over the account was unauthorized or wrongful, as they concede that he was the sole owner of CubixUSA. As the 100% owner of the company, Messier had the right to determine the disposition of funds in CubixUSA's account. At the time that CubixUSA, via Messier, received any of the funds at issue, Messier had every right

to do with them as he pleased. Accordingly, as a matter of law, there was no conversion. *See Gasparini v. Pordomingo*, 972 So.2d 1053 (Fla. App. 2008).

Plaintiffs have not alleged facts establishing that specific funds capable of identification exist, nor have they alleged facts which establish ownership of any such funds, or that Messier owed a fiduciary duty to segregate the funds, or that he exercised unauthorized or wrongful control over such funds. Accordingly, Plaintiffs cannot state a claim for conversion as a matter of law, requiring dismissal of Count Six.

### 3.    Conversion of Plaintiffs' Alleged Intellectual Property Rights

Plaintiffs allege that CubixUSA converted Plaintiffs' intellectual property rights to the trademarks at issue. As previously discussed, the Complaint acknowledges that on May 18, 2018, legacy rights in the mark "CUBIX" were assigned to CubixUSA pursuant to an "Assignment of Trademark" signed by Plaintiff Lakhani. Complaint at ¶ 26. The Complaint further acknowledges that CubixUSA filed for registration of the marks CUBIX, LOGO DESIGN GENIUS, and DIRECT MACRO on May 14, 2018, with Lakhani's consent and authorization. Complaint at ¶ ¶ 28, 29, 30. CubixUSA is the owner of the registered marks at issue. Because a claim for conversion requires that the plaintiff have a right to the property, and the Complaint does not establish this right, the conversion claim fails as a matter of law and Count Six should accordingly be dismissed.

### G.    Count Seven is not asserted against CubixUSA or Messier; Count Three is not asserted against CubixUSA

Count Seven of the Complaint does not appear to be asserted against Messier or CubixUSA.  In the event Plaintiffs contend that Messier or CubixUSA are liable under Count Seven, Messier and CubixUSA reserve the right to submit additional argument. Similarly, Count Three is not asserted against CubixUSA, and CubixUSA reserves the right to submit additional argument should Plaintiffs contend CubixUSA is liable under Count Three.

## V.    CONCLUSION

For all of the foregoing reasons, Messier and CubixUSA respectfully request that the Court grant this joint motion to dismiss.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and for such other relief as the Court deems just and proper.

Dated: February 24, 2020

By: / Adriana Kostencki / _____
E. Adriana Kostencki
Florida Far 84507
akostencki@nklawflorida.com
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nklawflorida.com
**NELLES KOSTENCKI PLLC**
Corporate Center
110 East Broward Blvd
Suite 670
Fort Lauderdale, FL 33301
Telephone: (954) 246-4800
Facsimile: (954) 246-4900

By: /Benjamin E. Maskell/ _____
Benjamin E. Maskell (*pro hac vice pending*)
Ben@MaskellLaw.com
**MASKELL LAW PLLC**
888 N. Quincy St. Suite 701
Arlington, VA 22203
Phone:  703-568-4523

*Attorneys for Defendant*
*CUBIX, INC. and Richard Messier*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system on February 24, 2020.

By:  /s/ Adriana Kostencki _____
     Adriana Kostencki